Anthony J. Turner # 139355
Law Offices of Anthony J. Turner
1818 West Beverly Blvd., Suite 103
Montebello, CA 90640
Telephone 310-491-5998 Fax: 310-882-5457
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE:**<br>**CHRISTA HOLMES**<br>Debtor(s). | **Case No.: 09-39534-ER**<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER VACATING AND SETTING ASIDE THE DISMISSAL OF DEBTOR'S CHAPTER 7 CASE; DECLARATION OF ANTHONY J. TURNER IN SUPPORT THEREOF**<br><br>DATE: April 8, 2010<br>TIME: 10:00 a.m.<br>CTRM: 1568 |

TO THE HONORABLE ERNEST ROBLES, UNITED STATES BANKRUPTCY JUDGE; ALBERTA STALH, CHAPTER 7 TRUSTEE, AND ALL PARTIES IN INTEREST:

DEBTOR, CHISTA HOLMES by and through debtor's attorney of record Anthony J. Turner, Law Offices of Anthony J. Turner hereby moves the Court for an Order setting aside and vacating the dismissal of her Chapter 7 case.

1. This Court has jurisdiction over this matter pursuant to

U.S.C., Section 109

and 349 and Rules 8002, 9006, 9013, 9022, and 9024 of the Federal Rules of Bankruptcy Procedures.

2. Movant is the debtor in the Chapter 7 bankruptcy herein.

- 1 -

Respectfully submitted,

LAW OFFICES OF ANTHONY J> TURNER


By: _____
        Anthony J. Turner
        Attorney for Debtor

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I.

**DUE TO MISTAKE, INADVERTENCE, SURPRISE OR**

**NEGLECT, THE MOTION SHOULD BE GRANTED**

Bankruptcy Rules 9024 provides that Federal Rules of Civil Procedure 60 applies in cases under the Code.

F.R.C.P. 60 (b) provides in pertinent part:

"On motion and upon such terms as are just, the Court may relieve a party or a party legal representative from a final judgment, order or proceeding for the following reasons:

Mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b)…"

Debtor's Chapter 7 case was dismissed pursuant to 11 U.S.C. 109(h) because it appeared debtor had not taken the required pre-filing credit counseling course. As shown by the declaration of Anthony J. Turner, and Exhibit A attached, debtor did in fact take the required course no more the 12 days prior to filing the instant Chapter 7 case. But for a mistake, the counseling certificate would have been filed.

*II.*

**CONCLUSION**

Based upon the foregoing, it is respectfully requested that the Court grant debtor's motion for Order setting aside and vacating her Chapter 7 case.

- 3

1  Dated: March 04, 2010				Respectfully submitted,

2						LAW OFFICES OF ANTHONY J. TURNER

3

4						By: _____
5						    Anthony J. Turner
						    Attorney for Debtor

Case 2:09-bk-39534-ER    Doc 19    Filed 03/04/10    Entered 03/04/10 15:54:58    Desc
Main Document    Page 4 of 4